Francisco Carrillo-Hinojosa
(True Name: Diego Nava-Farias)
Reg. No. 21703-050
Taft Correctional Institution
P.O. Box 7001
Taft, California 93268

denied.
Peter McWilliams

RECEIVED-CLERK
U.S. DISTRICT COURT
2011 FEB 17  A 10: 28

In Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

FRANCISCO CARRILLO-HINOJOSA,  )
    Defendant,             )
                            )
v.                             )   Criminal Case No:
                            )   298-CR-345-02
UNITED STATES OF AMERICA,      )   (Hono. Alfred M. Wolin)
    Plaintiff.            )
_____)

### MOTION FOR RECONSIDERATION

On January 1, 2011, this Court summarily denied (without prejudice) Defendant Francisco Carrillo-Hinojosa's ("Defendant)" Criminal Rule 36 Motion to correct an error in the JUDGEMENT entered on the above referred criminal number. (Docs. ##34&35)

The correction was related to the way the judgement was drafted concerning the Defendant's true name. Although the judgement reflects the Defendant's true name which has never been in dispute, it was placed inside of a parenthesis and omits and "aka" before the Defendant's alias. The way the judgement was drafted has created a confusion in the prison's records in this matter, and for this reason Defendant asked this Court to correct such error under the Criminal Rules of Procedure, Rule 36. (Doct. #34)

This Court denied the motion stating that "[t]he moving party must present evidence of his 'true name' (for example) birth

certificate." See attached copy. What escaped the Court's attention is the fact that Defendant's Rule 36 motion actually <u>includes</u>, between others, a <u>birth certificate.</u> (Doc. #35) The presence of the birth certificate was <u>presented</u> as <u>Adendum 3</u> and discussed in the substance of the application at page 2.

In this motion for reconsideration the Defendant brings to the Court's attention that by examining the Defendant's Rule 36 motion at page 2, as well as its Addendum #3, this Court will find that it oversight the fact that Defendant actually presented the birth certificate and that this Court's oversight of this piece of evidence constitutes an error under Civil Rule 59(e).

Motions for reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rogers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983)(<u>en banc</u>). To succeed, a party must set forth facts or law of strongly convincing nature to induce the court to reverse its prior decision. See, e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfild</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1987), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.CT. 1752, 100 L.E.D.2d 214 (1988)

Since Rule 59(e) permits a court to alter or amend a judgement where there is an error or the initial decision was manifestly unjust, Defendant respectfully ask this Honorable Court to reconsider its Order entered on January 25, 2011. The motion is timely filed between the 10-day period of Rule 59(e), accordingly, this Court has proper jurisdiction to resolve this motion on its merits. But see also Rule 60(b).

2

Generally, motions for reconsideration in civil cases arise from either Rule 59 (Amendment of Judgement) or Rule 60 (Relief from Judgement or Order) of the Federal Rules of civil procedure. <u>United States v. Nutri-colory, Inc.</u>, 982 F.2d 394, 396-97 (9th Cir. 1992). Accordingly, the fact that Defendant relies on Rule 59 is not absolute. <u>Hasbrouck v. Texaco</u>, 879 F.2d 632, 635 (9th Cir. 1989)("The nomenclature the [Defendant] uses is not controlling.") Rather, this Honorable Court should decide "whether [this] motion, however, styled, is appropriate for the relief requested. (<u>Id.</u>)

Respectfully submitted,

*/s/ Francisco Carrillo-Hinojosa*
Francisco Carrillo-Hinojosa

3

Francisco Carrillo-Hinojosa
(True Name: Diego Nava-Farias)
Reg. No. 21703-050
Taft Correctional Institution
P.O. Box 7001
Taft, California 93268

In Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCO CARRILLO-HINOJOSA,<br>    Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Plaintiff. | Criminal Case No:<br>298-CR-345-02<br>(Hono. Alfred M. Wolin) |

## PROOF OF SERVICE

I hereby certify that on this 8th day of February 2011, I served a copy of my "Motion for Reconsideration", by placing a copy in a postage pre-paid envelope addressed to the person(s) hereinafter listed, and depositing said envelope in the mailbox at Taft Correctional Institution, in Taft, CA 93268.

United States Attorney's Office
970 Broad St., Suite 700
Newark, New Jersey 07102

I declare under penalty of perjury that the foregoing is true and correct.

_/s/ Francisco Carrillo_
Francisco Carrillo-Hinojosa
(True Name: Diego Nava-Farias)

Francisco Carrillo-Hinojosa
(True Name: Diego Nava-Farias)
Reg. No. 21703-050
Taft Correctional Institution
P.O. Box 7001
Taft, California 93268

In Pro Se

RECEIVED
DEC 20 2010
AT 8:30_____M
WILLIAM T. WALSH, CLERK

*Application is Denied, without prejudice. The moving party must present evidence of his true name (i.e., birth certificate)*
SO ORDERED: [signature] Peter G. Sheridan
1/25/11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

FRANCISCO CARRILLO-HINOJOSA, )
(True Name: DIEGO NAVA-FARIAS), )   Criminal Case No:
                                )   298-CR-345-02
        Defendant,              )   (Hon. Alfred M. Wolin,
                                )    preceding.)
v.                              )
                                )   MOTION TO CORRECT CLERICAL ERROR
                                )   UNDER CRIMINAL RULE 36; AND
UNITED STATES OF AMERICA,       )   MOTION TO COMPEL TAFT CORRECTIONAL
                                )   INSTITUTION TO USE DEFENDANT'S
        Plaintiff.              )   TRUE LEGAL AND BIRTH NAME DIEGO
                                )   NAVA-FARIAS, AS REFLECTED IN THE
                                )   JUDGEMENT.

Comes Now Francisco Carrillo-Hinojosa, true name Diego Nava-Farias ("Defendant"), in pro se, and respectfully files the instant motion to correct clerical error under Criminal Rule 36; and a motion to compel Taft Correctional Institution to use Defendant's true name Diego Nava-Farias, as reflected in the Judgement entered in this case on December 1, 1998. In support thereof, he respectfully states:

Federal Rule of Criminal Procedure 36 provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgement, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36.